UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**DAREN DOMBROSKI,**

    Plaintiff,

v.                                                                    Case No: 5:22-cv-78-GAP-PRL

**PALS ALL TUNE 2, INC., J. PATRICK DOLDER and LINDA J. DOLDER,**

    Defendants.
_____

**REPORT AND RECOMMENDATION**[1]

Upon referral, before the Court in this Fair Labor Standards Act ("FLSA") case, is the parties' renewed joint motion to approve their settlement, requesting the Court to dismiss the Complaint upon approving their settlement agreement, and retain jurisdiction to enforce it. (Doc. 32). The Court must determine whether the settlement between Plaintiff and Defendants is a "fair and reasonable resolution of a bona fide dispute" over Fair Labor Standards Act ("FLSA") issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

### I. Legal Standards

If a settlement is unsupervised by the Department of Labor, compromise of FLSA claims is only available "[w]hen employees bring a private action for back wages under the

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

FLSA, . . . present to the district court a proposed settlement, [and it] . . . enter[s] a stipulated judgment after scrutinizing the settlement for fairness." *Id*. at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> employees are likely . . . represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages . . . actually in dispute; we allow the district court to approve the settlement . . . to promote the policy of encouraging settlement of litigation.

*Id.*

## II.  Discussion

As set forth in the Settlement Agreement, Defendant will pay a total sum of $5,660.00 to resolve this matter, to include the following: (1) $2,200.00 to Plaintiff representing full compensation for Plaintiff's FLSA wage claims, including liquidated damages, (2) $300.00 to Plaintiff representing additional consideration for all non-wage related terms of the agreement; and (3) $3,160.00 to Plaintiff's counsel for attorney's fees. The parties were represented by experienced counsel and both the terms and conditions of the parties' settlement were the subject of arms-length negotiations between counsel. The settlement amount was based on information learned through the exchange of Plaintiff's statement of

claim, pay records, and time records. The parties agree that the settlement represents a reasonable compromise of Plaintiff's claims.

### A. Attorney's Fees and Costs

With respect to the agreed-to sum for attorney's fees and costs, the parties represent that they were negotiated separately from Plaintiff's recovery. *See Bonetti v. Embarq Mgmt.Co.*, Case No.: 6:07-cv-1335, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009). Under the circumstances, I submit that the amount of $3,160.00 for attorney's fees and costs appears to be reasonable.[2]

### B. General Release

As for the remaining portions of the Settlement Agreement, the release of claims in Paragraph 6 purports to mutually release any and all claims that Plaintiff or Defendants could have. First, the release may be impermissibly overbroad, extending beyond the named Defendants to "any companies that are parents, subsidiaries, affiliates or other entities related to or associated with Defendants and any of its past or present predecessors, successors, assigns, administrators, partners, officers, directors, employees, agents and attorneys[.]" *Arguelles v. Noor Baig, Inc.*, 6:16-cv-2024-Orl-37TBS, 2017 U.S. Dist. LEXIS 26024, at *3 (M.D. Fla. Feb. 24, 2017) ("a general release may not be used to release a non-party."). As

---

[2] In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorney's fees, but it is not required to conduct "an in depth analysis . . . unless the unreasonableness is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.*, No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) (quoting *Perez v. Nationwide Protective Servs.*, Case No. 6:05-cv-328-ORL-22JGG (M.D. Fla. Oct. 31, 2005)). As the total fee award sought in this case is not patently unreasonable based on the history of this case and Plaintiff does not contest the reasonableness of the award, the Court has not conducted an in-depth analysis of the attorney's fees sought. Accordingly, the award of attorney's fees in this action does not reflect a determination that the hourly rate or time charged by Plaintiff's counsel constitutes a reasonable hourly rate in this or any applicable market.

explained in *Arguelles*, the prohibition on releasing non-parties is to prevent "plaintiff's FLSA claim . . . . [from being] leverage[d] to produce a general release of all possible claims." *Id.*

However, where the other entities fall "within the definition of 'employer' in 29 U.S.C. § 216(b), [the release] would not be overbroad[.]" *See Beard v. Steak N Shake Operations, Inc.*, No. 6:16-cv-1154-Orl-41TBS, 2017 U.S. Dist. LEXIS 223490, at *12 (M.D. Fla. Nov. 3, 2017). Here, the release appears to extend to individuals and entities that could fall within the definition of employer, and even if it were overbroad, the parties have included a severability provision allowing the Court to limit the release to the named Defendants. (Doc. 32-1 at 3); *Cf. Langellier v. Brevard Extraditions Inc.*, No. 6:19-cv-1316-Orl-37EJK, 2021 U.S. Dist. LEXIS 63119, at *8-9 (M.D. Fla. Mar. 30, 2021) (recommending approving release covering non-named individuals that could be considered joint employers); *with Niles v. Denny's Inc.*, No. 6:16–cv–999–Orl–40TBS, 2017 WL 1352232, at *2 (M.D. Fla. Mar. 22, 2017), *report and recommendation adopted*, 2017 WL 1318666 (M.D. Fla. Apr. 10, 2017) (recommending modifying the release to limit it to the sole named defendant).

Second, generally, such broad releases are "'side deals' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee" and therefore, "confer[] an uncompensated, unevaluated, and unfair benefit on the employer." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351-52 (M.D. Fla. 2010). However, courts in this District have approved FLSA settlement agreements accompanied by separate general releases where there is consideration beyond what is due for the FLSA claims.[3] For example, courts frequently approve broad

---

[3] While courts have approved FLSA settlements which were accompanied by separate agreements for general releases, courts do not approve or express an opinion of the terms of those separate agreements. *See Brozman v. Jenniferjames Haircolorxperts*, LLC, 2016 U.S. Dist. LEXIS 23231,

releases accompanying FLSA settlements where the plaintiff receives full compensation for his FLSA claim, and additional consideration for a general release, confidentiality provision, and other clauses. *See Weldon v. Blackwoods Steakhouse, Inc.,* No. 6:14-cv-79-Orl-37TBS, 2014 WL 4385593, at *1 (M.D. Fla. Sept. 4, 2014) (approving settlement containing general release and non-disparagement agreement where the plaintiff received full compensation of FLSA claim and $100.00 in additional consideration for same); *Smith v. Aramark Corp.*, No. 6:14-cv-409-Orl-22KRS, 2014 WL 5690488, at *4 (M.D. Fla. Nov. 4, 2014) (approving FLSA settlement agreement where plaintiff received full compensation and additional consideration for general release, confidentiality, and non-disparagement agreement).

In this District, Courts also approve FLSA settlements with broad releases where the Plaintiff received less than full compensation for his FLSA claim if there was an exchange of independent separate consideration. *See Buntin v. Square Foot Management Company, LLC*, No. 6:14–cv–1394–Orl–37GJK, 2015 WL 3407866, at *3 (M.D. Fla. May 27, 2015) (approving FLSA settlement where independent consideration, separate from that owed under FLSA, was exchanged, specifically a *mutual* general release and neutral employment reference).

Here, the parties recite that Plaintiff is receiving full compensation for his FLSA wage claims, including liquidated damages, and an additional $300.00 for the broad general release. (Doc. 32-1 at 1). In addition, the parties represent that it "is a mutual general release[,]" applying equally to Defendants and Plaintiff. (Doc. 32-1 at 2). Finally, there is a provision

---

*1 n. 1 (M.D. Fla. Feb. 25, 2016) (Mendoza, J) (expressing no opinion on separate general releases of non-pending claims); *see also Middleton v. Sonic Brands L.L.C.*, 2013 U.S. Dist. LEXIS 129042, at *11 (M.D. Fla. Aug. 22, 2013), *report and recommendation adopted*, 2013 U.S. Dist. LEXIS 129039 (M.D. Fla., Sept. 10, 2013) (Antoon, J.) (when "substantial consideration" is paid to plaintiff beyond the amount arguably due under the FLSA, a general release "does not render the settlement unfair or unreasonable.").

providing Plaintiff with a neutral employment reference from Defendants. (Doc. 32-1 at 3). Under these circumstances, I submit that the Settlement Agreement should be approved with the broad general release.

### C. Other Non-Cash Concessions

Additionally, the parties' settlement agreement contains provisions: governing confidentiality (Paragraph 7), waiving future employment with Defendants and preventing Plaintiff's entry on Defendants' property (Paragraph 8), preventing Plaintiff from representing himself as an employee of Defendants for the next five years (Paragraph 9), and barring mutual disparagement (Paragraph 10). (Doc. 32-1 at 2-3). These provisions are considered non-cash concessions which Courts in this District reject unless they were "negotiated for separate consideration or . . . there is a reciprocal agreement that benefits all parties." *Lowe v. Newquest, LLC*, No. 8:21-cv-2320-TPB-JSS, 2022 U.S. Dist. LEXIS 84862, at *8 (M.D. Fla. May 11, 2022) (regarding non-disparagement clause and confidentiality clause, "courts may find such non-cash concessions enforceable where they are supported by additional consideration."); *see Caamal v. Shelter Mortg. Co., L.L.C.*, No. 6:13–cv–706–Orl–36KRS, 2013 WL 5421955, at *4 (M.D. Fla. Sept. 26, 2013) (approving general release, non-disparagement provision, and waiver of future employment where plaintiff received separate consideration from that under the FLSA, specifically $500.00, mutual release of claims, and neutral reference agreement).

Here, as stated above, the parties recite that Plaintiff is receiving full compensation for his FLSA wage claims, including liquidated damages, and an additional $300.00 for the confidentiality, waiver of future employment, non-representation, and non-disparagement provisions. (Doc. 32-1 at 1). In addition, the parties represent that the non-disparagement

provision is mutual. (Doc. 32-1 at 3). Finally, there is a provision providing Plaintiff with a neutral employment reference from Defendants. (Doc. 32-1 at 3). Under these circumstances—$300.00 in separate additional consideration, a neutral reference, and mutual non-disparagement—I submit that the Settlement Agreement should be approved with the confidentiality, waiver of future employment, non-representation, and non-disparagement provisions.

### D. Retaining Jurisdiction

Despite this Court's previous order (Doc. 29), the parties' settlement agreement (and motion) contains a provision (Paragraph 19) requesting the Court to retain jurisdiction to enforce the terms of their settlement agreement. As previously stated, such provisions are typically severed, absent "'some independent basis for federal jurisdiction'." *Xiomara Alba v. Latino Grocery/Spanish Food, Inc.*, No. 617CV333ORL28GJK, 2017 WL 11017719, at *4 (M.D. Fla. Sept. 28, 2017), *report and recommendation adopted sub nom. Alba v. Latino Grocery/Spanish Food, Inc.*, No. 617CV333ORL28GJK, 2017 WL 11017583 (M.D. Fla. Oct. 24, 2017) (citation omitted). While the parties fail to offer an "independent basis for federal jurisdiction[,]" the Settlement Agreement provides in Paragraph 14 that "[s]hould any provision . . . be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby, and said invalid parts, terms or provisions shall be deemed not a part of this Agreement." (Doc. 32-1 at 3). Therefore, I submit that Paragraph 19, requesting the Court to retain jurisdiction to enforce the agreement, should be severed.

### III. Recommendation

Accordingly, and upon due consideration, I recommend that the parties' renewed joint motion for approval of settlement (Doc. 32) be GRANTED (with the modification that paragraph 19, the request to retain jurisdiction, be excluded) and that the Court find the Settlement Agreement to be a fair and reasonable compromise of Plaintiff's FLSA claims. Further, as requested, the Court should dismiss the case with prejudice.

Recommended in Ocala, Florida on October 17, 2022.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy